| DISTRICT | OFF. | DOCKET NO. MO. | FILING DATE DAY | YR. | | | | | | COUNTY | JURY DEM. | DOCKET YR. NUMBER |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1127 | 2 | 87T 1283 N | 1/4 03 | 06 87 | 3 | 441 | 1/3 | | 2706 | 01111 | | 87T 1283N |

CAUSE:  PLAINTIFFS

JOHN DILLARD; DAMASCUS CRITTENDEN, JR.; EARWEN FERRELL; CLARENCE J. JARRELLS; ULLYSSES MC BRIDE; and LOUIS HALL, JR.

v

DEFENDANTS

RANDOLPH COUNTY BOARD OF EDUCATION

**CAUSE**
(CITE THE U.S. CIVIL STATUTE UNDER WHICH THE CASE IS FILED AND WRITE A BRIEF STATEMENT OF CAUSE)

42 USC §§ 1973 and 1983; Alleged violation of Section 2 of Voting Rights Act thru use of at-large election system.

THOMPSON

**ATTORNEYS**

James U. Blacksher
~~465 Dauphin Street~~
~~Mobile, AL 36602~~
~~433-2000~~

5th Fl., Title Bldg.
300 21st St. N.
Birmingham, AL 35203

~~Larry Menefee~~
~~5th Floor, Title Bldg.~~
~~300 21st Street, N.~~
~~Birmingham, AL 35203~~
~~322-7300/322-7313~~

Edward Still
REEVES & STILL
714 South 29th Street
Birmingham, AL 35233-2810
322-6631

Julius L. Chambers
~~Lani Guinier~~  Scherlyn Ifill
~~Pamela Karlan~~
NAACP Legal Defense Fund
99 Hudson Street
16th Floor
New York, NY 10013 [212 219-1900]

Donald Sweeney
1700 Financial Center
Birmingham, AL 35205

~~Don Siegelman~~ Jimmy Evans
Alabama Attorney General

~~Susan Russ~~ Mort P. Ames
Assistant Attorney General
Office of Attorney General
Alabama State House
11 South Union Street
Montgomery, AL 36130
261-7406

~~David Boyd~~
~~BALCH & BINGHAM~~
~~P. O. Box 78~~
~~Montgomery, AL 36101~~
~~834-6500~~

~~Lewis H. Hamner~~
~~P. O. Box 544~~
~~Roanoke, AL 36274~~
~~863-2105~~

| | FILING FEES PAID | | | STATISTICAL CARDS | |
|---|---|---|---|---|---|
| X CHECK HERE IF CASE WAS FILED IN FORMA PAUPERIS | DATE | RECEIPT NUMBER | C.D. NUMBER | CARD | DATE MAILED |
| | | | | JS-5 | 12/5/87  3/5/92 |
| | | | | JS-6 | 5/5/88  6/5/93 |

DC-111 (Rev. 1/87)

UNITED STATES DISTRICT COURT DOCKET

| DATE | NR. | PROCEEDINGS |
|------|-----|-------------|
|      |     | THIS CASE IS A DERIVATIVE OF 85-T-1332-N, JOHN DILLARD; et al. v. CRENSHAW COUNTY, ALABAMA, etc., et al. FOR THE PURPOSE OF ORDERS THAT RELATE TO THIS CASE PRIOR TO 7/29/87 SEE DILLARD CASE FILE AND DOCKET SHEET. |

| DC 111A (Rev. 1/75) | | CIVIL DOCKET CONTINUATION SHEET | (Atty Lewis H. Hamner) |
|---|---|---|---|
| PLAINTIFF<br>JOHN DILLARD, et al. | DEFENDANT<br>CRENSHAW COUNTY, ALABAMA, et al.<br>RE: **RANDOLPH COUNTY BOARD OF EDUCATION** | DOCKET NO. 85-T-1332-N<br>87-T-1283-N<br>PAGE 1 OF ___ PAGES | |

| DATE | NR. | PROCEEDINGS |
|---|---|---|
| 1987<br>Jul. 29 | | Randolph County Board of Education's selection of defendant subclass Option B. Referred to Judge Thompson. (Cy furnished Magistrate Carroll.) |
| Sep. 14 | | ORDER as follows: (1) not later than **10/16/87** jurisdictions which are members of subclass B or subclass C and which have not prior to the date of this order submitted appropriate settlement documents to the court, shall comply with (a) or (b) as set out in this order; (2) by **11/6/87** the plaintiff class shall file **responses** to the proposed remedies filed by subclass B and C jurisdictions pursuant to paragraph 1(b). If the plaintiff class does not agree to the remedy proposed by a jurisdiction, they shall file their own proposed remedy, following the guidelines set out in paragraph 1(b); (3) trials for remedy questions will be scheduled at a later date. However, all jurisdictions which do not reach agreement with the plaintiff class on a remedy should be prepared to commence trial not later than 11/16/87; and (4) the Attorney General of the State of Alabama is DIRECTED to mail a copy of this order to all jurisdictions which are members of subclass B and C. (Copies mailed to counsel; furnished Magistrate Carroll.) EOD 9/14/87. |
| Oct. 16 | | Randolph County Board of Education's motion to extend time. Affidavit of Lewis H. Hamner attached. Referred to Judge Thompson. |
| 20 | | ORDER and JUDGMENT **appointing Hon. Charles S. Coody,** U. S. Magistrate, Middle Distirct of Alabama, **additional special master** with same authorities and duties already given special master Carroll; DIRECTING counsel for Attorney General of the State of Alabama to mail copy of this order to all members of Subclasses B and C or their attorneys. (Copies mailed to counsel.) EOD 10/21/87. |
| 23 | | ORDER granting defendant Randolph County Board of Education's 10/16/87 motion for extension of time and allowing said defendant until 11/6/87 to comply with 9/14/87 order. (Copies mailed to counsel.) (Cy furnished Magistrate Carroll.) EOD 10/26/87. |
| 30 | | ORDER, subject to court's later consideration of any objections (1) **decertifying subclasses B and C** as members of defendant class action; directing clerk to assign separate civil action numbers to proceedings with respect to each jurisdiction in subclasses B and C; (2) directing that decertified proceedings shall continue as a class action as previously certified with respect to plaintiffs; (3) **consolidating** the separate actions with respect to the former members of subclasses B & C for purposes of carrying out the procedures prescribed by interim consent decree; directing that the Attorney General shall continue to serve as lead counsel for defendants and David Boyd shall continue to serve as liaison counsel for defendants; directing that procedures in paras. 9-20 of interim consent decree shall continue in force and effect for the consolicated actions; (4) directing that all prior orders in this action not inconsistent with this order shall remain in full force and effect; (5) directing that the Attorney General shall promptly furnish a copy of this order to all jurisdictions of subclass B or subclass C; directing that any **objections** to procedural changes ordered herein must be filed, detailed written statement, with the clerk not later than **11/13/87**; hearing to be set by court on objections which warrant such a proceeding; (6) directing that unless the court receives |

(CONT'D)

OPTION B

DC 111A
(Rev. 1/75)

CIVIL DOCKET CONTINUATION SHEET (Atty Lewis H. Hamner)

| PLAINTIFF | DEFENDANT | DOCKET NO. 87-T-1283-N 85-T-1332-N |
|---|---|---|
| JOHN DILLARD, et al. | CRENSHAW COUNTY, ALABAMA, etc., et al. RE: RANDOLPH COUNTY BOARD OF EDUCATION | PAGE ___ OF ___ PAGES |

| DATE | NR. | PROCEEDINGS |
|---|---|---|
| 1987 Oct. 30 | | ORDER (Cont'd) some objection; this order shall take effect on **11/18/87** and no further order will be entered; directing that if no further order is entered before 11/18/87, the parties should assume that the court received no objections. (Copies mailed to counsel.) (Cy furnished Magistrates Carroll and Coody.) EOD 10/30/87. |
| Nov. 6 | | Randolph County Board of Education's remedy proposal. Referred to Judge Thompson. Copy furnished Magistrate Carroll. |
| 10 | | Plaintiffs' submission of remedy proposals. Referred to Judge Thompson. Copies furnished Magistrates Carroll and Coody. |
| 18 | | Affidavits of plaintiffs John Dillard, Damascus Crittenden, Jr., Earwan Ferrell, Jr., Clarence J. Jairrels, Dr. Ullysses McBride and Louis Hall, Jr. (in support of IFP status for consolidated cases 87-T-1150-N thru 87-T-1316-N.) |
| 18 | | ORDER that the plaintiffs are allowed to proceed in forma pauperis and without prepayment of filing fees in these cases (87-T-1150-N thru 87-T-1316-N), the court being of the opinion from the affidavits filed by the plaintiffs that they cannot afford the filing fees in these consolidated cases in the amount of $20,520.00. (Copies mailed to counsel.) (Copies furnished Magistrates Carroll and Coody.) EOD 11/18/87. |
| 1988 Jan. 26 | | Magistrate Carroll's ORDER FOR CERTAIN SUBCLASS B JURISDICTIONS that Subclass B jurisdictions which have agreed upon a remedy, but have not submitted settlement documents shall, by **2/12/88**, file with the court either (1) an appropriate package of settlement documents; or (2) a detailed explanation of the reason for the jurisdiction's inability to submit settlement documents by that date; that all Subclass B jurisdictions which have not reached a settlement, and which are not already set for a remedy hearing, shall, by **2/12/88**, file with the court a statement advising the court of the jurisdiction's case status so that the court may schedule remedy hearings where appropriate; that, at or before the time of any hearing to ascertain fairness of proposed settlement agreement, the jurisdiction shall file with the court or the Attorney General evidence (affidvit of publication) that notice to class has been published in accordance with the court's order requiring same and a copy of the letter from the Attorney General of the United States granting preclearance of the proposed remedy under Section 5 of the Voting Rights Act of 1965, 42 USC 1973. (Copies mailed to counsel.) |
| Feb. 10 | | Defendant's **response** to order of 1/26/88. Referred to Magistrate Carroll. |
| 18 | | Plaintiffs' **remedy** submission with attachments. (Maps in separate binder) Referred to Magistrate Carroll. |
| 23 | | Magistrate Carroll's ORDER (1) setting a **hearing** on the remedy issue on **3/8/88** at 9:30 a.m., 4th floor courtroom, U. S. Courthouse and Federal Building, Montgomery, Alabama; and (2) directing that the parties inform the court, on or before 3/1/88, as to the suggested order of these hearings and the length of time of the hearings. (Copies mailed to counsel.) EOD 2/25/88. |

DC 111A
(Rev. 1/75)

CIVIL DOCKET CONTINUATION SHEET

| PLAINTIFF | DEFENDANT | DOCKET NO. 87-T-1283-N |
|---|---|---|
| JOHN DILLARD: et al. | RANDOLPH COUNTY BOARD OF EDUCATION | PAGE 4 OF ___ PAGES |

| DATE 1988 | NR. | PROCEEDINGS |
|---|---|---|
| Mar. 2 | | Magistrate Carroll's ORDER setting this case for **hearing** on Tuesday, 3/8/88, at 9:30 a.m., 4th floor courtroom, United States Courthouse and Federal Building, Montgomery. (Copies mailed to counsel.) EOD 3/4/88. |
| 9 | | **Remedy Hearing.** |
| 9 | | Courtroom Deputy's minutes of 3/9/88 proceedings; exhibit list attached. |
| 24 | | Magistrate Carroll's RECOMMENDATION (1) that the plan proposed by the jurisdiction Randolph County Board of Education be rejected in its entirety; (2) that the modified plan proposed by the plaintiff and contained in plaintiffs' Exhibit 1 be adotped and approved; (3) that the schedule for conducting elections for school board members for the years 1988, 1990 and 1992 be the schedule agreed to by the parties; and (4) that Randolph County Board of Education, etc., be enjoined and restrained from failing to conduct elections for Randolph County Board of Education under the modified plan presented by the plaintiffs; and ORDER that parties are DIRECTED to file any objections to said Recommendation within a period of 10 days after being served with a copy of the Recommendation. (Copies mailed to counsel.) EOD 3/25/88. |
| 30 | | Defendant's ltr request for interim approval of plan. Referred to Judge Thompson. |
| Apr. 4 | C | JUDGMENT AND INJUNCTION adopting the recommendation of the magistrate and (1) entering judgment in favor of plaintiffs and against defendant; (2) DECLARING that the at-large system used to elect the members of the defendant violates § 2 of the Voting Rights Act of 1965, as amended, 42 USCA § 1973; (3) DECLARING that the single-member redistricting plan, consisting of seven members and excluding residents of the City of Roanoke, submitted by defendant Randolph County Board of Education is unacceptable under § 2 of the Voting Rights Act; (4) RESTRAINING and ENJOINING defendants, etc.: (A) from using its present at-large election system in any future elections; (B) from failing to implement the modified single member redistricting plan, consisting of seven members and including residents of the City of Roanoke, submitted by the plaintiffs; and (C) from failing to conduct elections for all members of the defendant Randolph County Board of Education under the plaintiffs' redistricting plan by 1/1/89. Further ORDERED that by 4/18/88 the parties are to submit to the court proposed procedures for implementing the plaintiffs' redistricting plan, as ordered. Further ORDERED that plaintiffs have and recover from defendant their reasonable attorney fees, and that plaintiffs be and are hereby allowed until the completion of all the <u>Dillard</u> cases to file their request for attorney fees. Further ORDERED that costs are taxed against defendant, and that plaintiffs are allowed until the completion of all the <u>Dillard</u> cases to file bill of costs. The clerk is DIRECTED to issue a writ of injunction. (Copies mailed to counsel and defendant w/writ.) EOD 4/4/88. |
| 4 | | **Writ of Injunction** issued; copy of writ, together with 4/4/88 JUDGMENT AND INJUNCTION, mailed by cmrrr to Randolph County Board of Education. |
| 6 | | Return receipt showing service of 4/4/88 writ; servie on Sammy Hill on 4/5/88 for defendant Randolph County Board of Education. |

DC 111A
(Rev. 1/75)

CIVIL DOCKET CONTINUATION SHEET

| PLAINTIFF<br>JOHN DILLARD; et al, | DEFENDANT<br>RANDOLPH COUNTY BOARD OF EDUCATION | DOCKET NO. 87-T-1283-N<br>PAGE 4 OF ___ PAGES |
|---|---|---|

| DATE 1988 | NR. | PROCEEDINGS |
|---|---|---|
| Apr. 12 | | Parties' joint motion to order elections. Referred to Judge Thompson. |
| 13 | | ORDER granting parties' 4/12/88 joint motion to order elections filed and ENJOINING and RESTRAINING defendant from failing to conduct elections according to the schedule set forth in the motion. (Copies mailed to counsel.) EOD 4/13/88. |
| 22 | | Plaintiffs' motion for award of attorneys fees and expenses from members of Subclasses B and C. Referred to Judge Thompson. |
| 22 | | Plaintiffs' motion to schedule plaintiffs' claim for fees and expenses. Referred to Judge Thompson. |
| 28 | | ORDER [CA Nos. 87-T-1150-N thru 87-T-1316-N, all Subclass B and C defendants--except Baldwin County Board of Education and City of Lisman] as follows: 1. Liaison counsel shall receive all pleading, file all responses, and conduct all proceedings on behalf of the defendant jurisdictions relative to plaintiffs' motion for fees. 2. By 5/16/88 liaison shall provide all defendant jurisdictions with a summary of plaintiffs motion for fees and a copy of this order and shall notify those jurisdictions of their right to object to the motion for fees and shall provide the defendants with a general outline of a plan to apportion among the defendants the fees, etc., awarded to plaintiffs. 3. Any defendant jurisiction which wishes to object to plaintiffs' motion for fees shall by 5/30/88 provide liaison counsel with a statement of its objection. 4. On or before 6/10/88 liaison counsel shall file with the court any objections, along with evidentiary materials supporting such objections, etc. 5. By 6/24/88 plaintiffs shall file their brief in support of their motion for fees. 6. By 7/1/88 liaison counsel shall file on behalf of the defendant jurisdictions any reply brief. 7. A **hearing** on the plaintiffs motion for fees will be conducted on **7/8/88** at 10 a.m.; defendant jurisdictions to be represented by liaison counsel. 8. By **6/10/88** liaison counsel shall also file with the court a final proposal for apportionment among the defendant jurisdictions of the fees, etc., to be awarded by the court; copy to be sent to each jurisdiction; defendants which object to apportionment system shall advise liaison counsel by 6/24/88; liaison counsel shall advise the court of any such objections by 7/1/88; any objections to be considered at the 7/8/88 hearing. (Copies mailed to counsel.) EOD 4/29/88. |
| May 17 | | ORDER REGARDING ATTORNEY FEES AND EXPENSES (1) DIRECTING clerk to set up a single separate file and docket sheet for the issues of attorney fees and expenses; (2) directing that all pleadings and orders regarding the issues of attorney fees, etc., are to be filed in separate file; (3) directing that separate file is incorporated in, and made a part of, each and every file for civil action nos. 85-T-1332-N and 87-T-1150-N thru 87-T-1316-N; (4) directing that Clerk need serve copies of this order and all future orders regarding attorney fees, etc., on only counsel for plaintiffs, counsel for Alabama Attorney General, and liaison counsel; and (5) directing that counsel need file only one copy of pleadings with the court. (Copies mailed to counsel.) EOD 5/17/88. |
| Sep 1 | | Plaintiffs' notice of attorneys' withdrawal (Menefee and Guinier) and substitution (Ifill substituted for Karlan). |

DC 111A
(Rev. 1/75)

CIVIL DOCKET CONTINUATION SHEET

| PLAINTIFF | DEFENDANT | DOCKET NO. 87-T-1283-N |
|---|---|---|
| JOHN DILLARD, et al. | RANDOLPH COUNTY BOARD OF EDUCATION | PAGE 5 OF ___ PAGES |

| DATE | NR. | PROCEEDINGS |
|---|---|---|
| 1992 | | |
| Jan. 27 | | Plaintiffs' **motion** for additional relief with respect to redistricting and the 1992 elections. Referred to Judge Thompson. **DENIED 5/28/93.** |
| Feb 6 | | **ORDER** that defendant jurisdictions show cause in writing, if any, as to why motion for additional relief, filed by plaintiffs on 1-27-92, should not be granted. (Copies mailed to counsel.) EOD: 2-7-92 |
| *Feb. 26 | | Plaintiffs' **motion** to join attorney general as defendant. Referred to Judge Thompson. |
| Mar. 2 | | **ORDER** that the State Attorney General show cause, if any, in writing within ten days as to why said motion to join Attorney General of Alabama as an additional defendant should not be granted. |
| *Feb. 24 | | **ORDER** that David R. Boyd is removed as liaison counsel for defendant subclasses B and C; further **ORDERED** that Mort P. Ames, Deputy State Attorney General is appointed liaison counsel for defendant subclasses B and C; further **ORDERED** that no later than 03/06/92 plaintiffs and liaison counsel (1) shall meet with each other to develop procedures as to how the court should proceed in light of responses from defendant subclasses B and C, and (2) shall submit such procedures to the court. |
| Mar. 12 | | Attorney General James H. Evans' **response** in opposition to plaintiffs' motion to join. Referred to Judge Thompson. |
| 20 | | **Proposal** of plaintiffs and liaison counsel. Referred to Judge Thompson. |
| Apr 9 | | ORDER adopting the following Status Groups of cases: J - Jurisdiction claims no need to redistrict but has not provided sufficient data to pltfs or court; K - Jurisdiction claims no need to redistrict; has provided data on plan to pltfs; pltfs are reviewing plan; L - Jurisdiction admits need to redistrict, but has not provided sufficient data to pltfs or court; M - Jurisdiction admits need to redistrict; data provided; pltfs are reviewing plan; N - Jurisdiction says that it is checking data to see if it needs to redistrict; O - Jurisdiction has made no response to Court's order of 2-2-92; P - Jurisdiction's plan has been precleared by U. S. Dept. of Justice and pltfs have no objections; Q - Jurisdiction has made some other response; R - Pltfs have agreed to jurisdictions plan; S - Pltfs object to jurisdiction's plan; T - Jurisdictions which contend the court should not be exercising jurisdiction over them, or which have reserved consideration of the jurisdictional issue; U - Jurisdictions which were already involved in the redistricting process prior to filing of motion for additional relief; further that any jurisdiction disputing its placement in its Status Group as set out in order should consult with pltfs' counsel first to resolve the matter; that all county commissions and school boards present a plan to the court (or otherwise respond) by 4-27-92; that Status Group J submit sufficient data to the court to allow pltfs to make a determination whether they oppose or support the jurisdiction's decision; that Status Group L submit sufficient data to the court to allow pltfs to make a determination whether they oppose or support the juris- diction's decision; that those jurisdictions disputing the jurisdiction of the court to hear this matter should file their objections by the same date; that all municipalities submit a plan to the court by 5-8-92; that Status Groups J & L |

**CONTINUED**

DC 111A
(Rev. 1/75)

CIVIL DOCKET CONTINUATION SHEET

| PLAINTIFF | DEFENDANT | DOCKET NO. 87-T-1283-N |
|---|---|---|
| JOHN DILLARD | RANDOLPH CO. BOE | PAGE 6 OF ___ PAGES |

| 1992 | NR. | PROCEEDINGS |
|---|---|---|
| | | CONTINUED: |
| Apr 9 | | submit sufficient data to allow pltfs to make a determination whether they oppose or support the jurisdiction's decision; that those jurisdictions which dispute the jurisdiction of the court to hear this matter should file their objections by the same date; that pltfs will review the plans of jurisdictions within 30 days and shall inform the court of their support or opposition; that if pltfs inform the court of their support or non-opposition to the plan of a jurisdiction the court will consider the plan as having been submitted for approval; that if pltfs inform the court of the opposition to a plan, the court will set the matter for an individual determination as further set out; that all documents filed with court be served upon Edward Still, James Blacksher and Mort Ames; that within 10 days of the date of this order liaison counsel will notify deft jurisdictions which have not responded to the 1-27-92 court order that they must show cause why pltfs' motion for additional relief should not be granted. (Copies mailed to counsel.) EOD 4-9-92. |
| | 9 | ORDER that pltfs' motion to join Atty. Gen. as a deft is denied. (Copies mailed to counsel.) EOD 4-9-92. |
| | 27 | Deft's suggestion of status. Referred to Judge Thompson. |
| June 26 | | Defendant's notice of appearance by Donald B. Sweeney, Jr. and **suggestion** of status. Referred to Judge Thompson. |
| **1993** | | |
| May 28 | C | ORDER denying without prejudice plaintiffs' motion for further relief filed 1/27/93, with leave to renew at a later time; that, if renewed, the motion shall relate back to the original motion of 1/27/92, and shall be subject to all orders, pleadings, agreements, etc., entered into by the parties since 1/27/92; that the court retains jurisdiction in all the above cases. (Copies mailed to counsel.) |
| Jun 1 | | Defendant's supplemental suggestion of status (w/attachments). Referred to Judge Thompson. |

Closed